IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRITZ DAIRY FARM, L.L.C., et al., | ) | Case No. 5:12-cv-01736-JRA |
| | ) | |
| *Plaintiffs*, | ) | Judge John R. Adams |
| | ) | |
| v. | ) | |
| | ) | |
| CHESAPEAKE EXPLORATION, L.L.C., et al., | ) | **DEFENDANT OWEN'S MOTION** |
| | ) | **FOR JUDGMENT ON THE** |
| *Defendants*. | ) | **PLEADINGS** |

Plaintiffs' complaint fails to state a viable claim for relief against Defendant Richard Owen.  Although Plaintiffs claim to assert a fraud claim, they failed to plead that claim with the particularity required by Fed. R. Civ. P. 9(b) and, in fact, fail to allege *any* wrongful act against Owen.  The paucity of Plaintiffs' complaint was specifically addressed at the case management conference, yet Plaintiffs have failed to take any steps to cure their deficient pleading through the time allotted for amending the pleadings.  Accordingly, Defendant Owen requests that the complaint against him be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(c).

                                                Respectfully submitted,

                                                */s/ Timothy B. McGranor*
                                                John K. Keller (0019957)
                                                Timothy B. McGranor (0072365)
                                                Vorys, Sater, Seymour and Pease LLP
                                                52 East Gay Street/P.O. Box 1008
                                                Columbus, OH 43216-1008
                                                (614) 464-6400 / Fax: (614) 719-4954
                                                E-mail:  jkkeller@vorys.com
                                                         tbmcgranor@vorys.com
                                                *Attorneys for Defendants*

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

Plaintiffs' 15-paragraph complaint contains two causes of action: one for fraud and one for breach of contract.  Neither states a viable claim against Defendant Richard Owen.  On the fraud claim, Plaintiffs fail to specifically allege that Owen committed any wrongdoing.  The only thing they allege is that they gave him the documents they allege were later altered before recording.  The do not allege that Owen committed any wrongful act.  On the breach of contract claim, Plaintiffs do not allege that Owen was a party to any contract with them.  Because they have failed to plead any viable claim against Owen, the complaint against him should be dismissed, with prejudice.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

This is a refiled action.  Originally, Plaintiffs filed suit in state court against only two defendants: Chesapeake Exploration, L.L.C., and Kenyon Energy, LLC.  (*See* Case No. 5:12-cv-00891-JRA.)  Owen was not named in the first action.  Chesapeake and Kenyon removed that action to this Court on April 12, 2012, and moved for a more definite statement under Fed. R. Civ. P. 12(e) on April 19.  Rather than responding to the motion, Plaintiffs dismissed the action without prejudice on May 4, 2012.

More than a month later, Plaintiffs filed a new action in state court, this time naming Owen as a defendant (apparently in a vain attempt to defeat diversity).  Defendants removed the new action to this Court on July 6.

Plaintiffs claim that the oil and gas leases they signed are not the same as the oil and gas leases that have been recorded with the Carroll County, Ohio, recorder's office.  Specifically,

they allege that certain pages of the agreements they signed were substituted before recording. (*See* Compl. ¶ 9, at ECF No. 1-1, Page ID #13.) Specifically, Plaintiffs state:

> The original leases signed by Plaintiffs provided for a term of five years each with no right of extension. However, after the leases were delivered to Defendant Kenyon's employee Richard Owen, all pages in the leases were fraudulently substituted for the originals, and specially the provision for an extension of five years was fraudulently inserted, said extension having been specifically excluded in the original leases signed by Plaintiffs.

(*Id.*) Plaintiffs also allege that they delivered the documents to Owen. (*See id.* ¶ 8.) What they do *not* allege is that Owen committed any wrongful act.

> The one-paragraph fraud count of the complaint states in its entirety:
>
> Defendants' act of attempting to obtain a five year extension provision in the subject leases by altering the leases and forging the signatures of Plaintiffs and the notary public constitutes fraud for which Plaintiffs are entitled to voiding of the leases, punitive damages, and compensatory damages incurred in pursuing this litigation.

(*Id.* ¶ 14, ECF No. 1-1, Page ID #15–16.)

> Plaintiffs also state a breach of contract claim as follows:
>
> The parties had agreed upon terms of the two subject leases as set forth in Exhibits "A" and "B". Defendants breached their agreements and written Leases with Plaitniffs by altering the leases wherein Defendants attempted to grant themselves five year extension of the terms after having expressly agreed in writing . . . that they would not be entitled to five year lease extensions.

(*Id.* at ¶ 15, ECF No. 1-1, Page ID #16.)

As explained below, these allegations are insufficient to state a viable cause of action against Owen. Thus, the complaint against him should be dismissed, with prejudice.

### III. LAW AND ARGUMENT

#### A. Plaintiffs' Fraud Claim Is Not Pleaded with Particularity.

Rule 9(b) requires that, "in alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ." *See* Fed. R. Civ. P. 9(b). "To satisfy Rule 9(b), a

complaint of fraud, at a minimum, must allege the time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Marlar v. BWXT Y-12, L.L.C.*, 525 F.3d 439, 444 (6th Cir. 2008) (internal quotation marks omitted).

In addition, when multiple defendants are involved, as here, Rule 9(b) requires the complaint to state with particularity how the actions of each defendant were fraudulent.  *Benoay v. Decker*, 517 F. Supp. 490, 493 (E.D. Mich. 1981), *aff'd*, 735 F.2d 1363 (6th Cir. 1984).  As the Sixth Circuit has explained:

> The district court did not err in its alternative ground for dismissing Count One pursuant to Rule 9(b), that plaintiffs had not alleged with specificity who had made particular misrepresentations and when they were made but rather plaintiffs had articulated general averments of fraud attributed to "the defendants."  The complaint identifies relationships between various of the defendants but it alleges misrepresentations without sufficiently identifying which defendants made them.  The complaint does not enable a particular defendant to determine with what it is charged.

*Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir. 1992).

Here, Plaintiffs fail to assert any particular wrongful act by Defendant Owen.  Indeed, the only allegations directed to him are that Plaintiffs delivered the signed agreements to him.  They do not allege that he performed the alleged substitution.  They merely imply that he was somehow involved because the alleged substitution took place after the documents were delivered to him.  But they assert no particularized allegations that he did anything.  Plaintiffs also do not allege that Owen (or any other defendant) made any misrepresentations to them.

Plaintiffs' conclusory statements of wrongdoing against "Defendants" collectively are insufficient to state a viable cause of action against him for fraud.  Accordingly, Owen requests that this claim be dismissed.

- 4 -

**B.     Plaintiffs Fail to State a Breach of Contract Claim Against Defendant Owen.**

Plaintiffs' breach of contract claim against Owen fails as well.  Nowhere do Plaintiffs claim that there was a contract between Owen and them.  Rather, Plaintiffs expressly allege that Owen was negotiating the contract on behalf of Kenyon.  (Compl. ¶ 7, ECF No. 1-1, PageID #12.)  The documents attached to the complaint do not purport to be agreements between Owen and Plaintiffs; rather, they are agreements between Plaintiffs and Kenyon.  (*Id.* at Exhs. A–D.)

Because Plaintiffs fail to plead the existence of any contract between them and Defendant Owen, they have failed to state a claim against him for breach of contract.  Accordingly, this claim should be dismissed.

**IV.     CONCLUSION**

Plaintiffs have failed to state any claim against Defendant Owen on which relief can be granted.  Plaintiffs have failed to plead any fraudulent acts by Owen with any particularity and they have failed to plead that they have any contract with him.  Because they cannot state a claim against him, their complaint should be dismissed, with prejudice.

           Respectfully submitted,

           */s/ Timothy B. McGranor*
           John K. Keller (0019957)
           Timothy B. McGranor (0072365)
           Vorys, Sater, Seymour and Pease LLP
           52 East Gay Street/P.O. Box 1008
           Columbus, OH 43216-1008
           (614) 464-6400 / Fax: (614) 719-4954
           E-mail:  jkkeller@vorys.com
                     tbmcgranor@vorys.com
           *Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)

I certify that, pursuant to the Court's Case Management Plan entered August 22, 2012, this case has been assigned to a standard track and that this memorandum complies the page limitations set forth in Local Rule 7.1(f).

>                               */s/ Timothy B. McGranor*
>                               Timothy B. McGranor (0072365)

## CERTIFICATE OF SERVICE

I certify that on this 29th day of November 2012, a copy of the foregoing ***Defendant Owen's Motion for Judgment on the Pleadings*** was served by the Court's CM/ECF system on the following:

Brendan Delay
24500 Center Ridge Road, #160
Westlake, OH 44145

*Attorney for Plaintiffs*

>                               */s/ Timothy B. McGranor*
>                               Timothy B. McGranor (0072365)

15221056