IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRITZ DAIRY FARMS, L.L.C., et al., | ) | Case No. 5:12-cv-1736-JRA |
| | ) | |
| *Plaintiffs*, | ) | Judge John R. Adams |
| | ) | |
| *v.* | ) | |
| | ) | |
| CHESAPEAKE EXPLORATION, L.L.C., et al., | ) | **DEFENDANTS' MOTION TO ENFORCE SETTLEMENT** |
| | ) | |
| *Defendants*. | ) | |

Defendants Chesapeake Exploration, L.L.C., Richard Owen, and Kenyon Energy, LLC, respectfully request an order from the Court compelling Plaintiffs Fritz Dairy Farms, L.L.C., Mark R. Fritz, and Michele E. Fritz to comply with the terms of the settlement that was reached and placed on the record before this Court on December 17, 2012, and to order that they sign the documents necessary to effectuate the settlement terms. The reasons supporting this motion are set forth in the attached memorandum in support.

Respectfully submitted,

*/s/ Timothy B. McGranor*
John K. Keller (0019957)
Timothy B. McGranor (0072365)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43215
(614) 464-6400 / Fax: (614) 719-4954
E-mail:  jkkeller@vorys.com
　　　　tbmcgranor@vorys.com

*Attorneys for Defendants Chesapeake Exploration, L.L.C., Richard Owen, and Kenyon Energy, LLC*

## MEMORANDUM IN SUPPORT

### I.     INTRODUCTION

The parties settled this action on December 17, 2012, after several hours of negotiations that took place during the status conference scheduled for that date.  The terms of the settlement were read into the record, and the parties' counsel confirmed to the Court that their respective clients agreed to the material terms.  Plaintiffs (apparently acting without the advice or knowledge of their counsel) have now refused to proceed with the settlement, the terms of which require them to execute lease amendments to be recorded in Carroll County, Ohio.  Because Plaintiffs are refusing to comply with the settlement terms, Defendants request an order enforcing the settlement and compelling them to execute the necessary documents.

### II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this action in June 2012, claiming that the oil and gas leases recorded with the Carroll County, Ohio, Recorder's office were void as a result of alleged fraudulent alteration to the terms of the documents.  Specifically, Plaintiffs claim that the five-year extension provision in the recorded lease should have been stricken from the recorded lease before filing.

Following discovery, the parties appeared before the Court on December 17, 2012, for the previously scheduled status conference.  At the status conference, Plaintiffs' current counsel, Steve Leiby, announced that prior counsel Brendan Delay had been terminated by Plaintiffs.  Pursuant to the Court's instructions, the parties negotiated toward a potential settlement for several hours that day.  Finally, the parties reached a compromise settlement.  The terms of that settlement were read into the sealed record before the Court.

The salient terms of that settlement are:

- Plaintiffs will be paid a sum of money (the amount of which is confidential, as discussed on the record).

- The lease will be amended to provide for a straight 7.5-year term from the original execution date, instead of the 5-year lease with a 5-year extension option that is in the recorded lease and disputed by Plaintiffs.

- The lease will be amended to provide for additional water protection and reclamation clauses requested by Plaintiffs.

In exchange for these terms, Plaintiffs agreed to release their claims and dismiss the action, with prejudice.

In response the Court's inquiry, Plaintiffs' counsel stated that he could provide the proposed settlement agreement within 30 days.  Defendants' counsel stated that he would prepare the documents necessary to modify the leases.  Those documents were, in fact, prepared by the respective counsel.  Plaintiffs' counsel sent the proposed settlement agreement to Defendants' counsel on January 2, 2012, by e-mail.  Following discussions about the terms, Plaintiffs' counsel sent a revised agreement on January 9.  Defendants' counsel sent the proposed lease ratification and amendment to Plaintiffs' counsel on January 2, 2012.  Following some discussion about the language in the proposed lease amendment, Defendants' counsel provided revised documents to Plaintiffs' counsel on January 14, 2012.[1]  Earlier today, the parties' counsel agreed

---

[1]  Because of the agreement for confidentiality, the draft settlement agreement itself is not attached, but can be provided for *in camera* review at the Court's request.  The e-mail exchanges between counsel, however, are attached as Exhibit 1.

on the terms of these lease modifications.  (*See* e-mail exchange attached as Exhibit 2.)  Copies of the proposed lease ratifications and amendments are attached as Exhibit 3.

Defendants' counsel received a cryptic e-mail from Plaintiffs' counsel yesterday morning, however, which reads:

> Tim,
>
> As of 11:55 AM today, I do not have any commitment from my clients regarding the terms of the settlement agreement or the lease amendment and ratification.  At this point my hands are tied.  I will inform you the minute I receive, if I do, a definitive commitment from my clients.
>
> Steve

(*See* Exhibit 4, attached.)

Then, Defendants' counsel received this morning a 14-page statement from Plaintiffs, apparently sent without the knowledge of their counsel.  A copy of this statement is attached as Exhibit 5.  The statement purports to also have been sent to the Court, with copies to Plaintiffs' current and former attorneys.

From the statement, it appears that Plaintiffs are refusing to sign the necessary documents to conclude the settlement.  (*See* Ex. 5 at 14.)  As discussed below, the settlement is binding and enforceable, and Defendants request an order compelling Plaintiffs to execute the necessary documents to effectuate the settlement.

## III.    LAW AND ARGUMENT

There can be no real dispute that the parties settled this action on the record on December 17, 2012.  That settlement included the material terms set forth above.  That settlement is binding and enforceable.  This Court's order after the status conference confirms the existence of the settlement, stating in pertinent part:

- 4 -

> The parties appeared before the Court for a status conference on December 17, 2012. ***During the conference, the parties settled and placed the terms of their settlement before the Court.*** Therefore, the docket will be marked "settled and dismissed without prejudice."

(ECF No. 19 (emphasis added).) This Court specifically "retain[ed] jurisdiction over the settlement." (*Id.*)

To enforce a settlement, the court must first conclude that the parties have reached an agreement on all material settlement terms. *See Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645–46 (6th Cir. 2001). This occurred here when the parties placed on the record the terms of the settlement, specifically, payment of a sum to Plaintiffs, modification of the lease to a 7.5-year primary term instead of a 5-year term with a 5-year extension, and modification of the leases to add additional water-quality testing and reclamation provisions favorable to Plaintiffs, in exchange for a release of Plaintiffs' claims. Those terms are clear, unambiguous, and constitute an enforceable settlement of this action. *Id.*; *see also Smith v. ABN AMRO Mortg. Grp., Inc.*, 434 F. App'x 454 (6th Cir. 2011).

It is immaterial whether the settlement has yet been memorialized in writing. *Id.* The terms were agreed to on the record. But the parties' counsel have even agreed upon the written terms of the settlement (including a settlement agreement and the terms of the lease ratifications and amendments), but Plaintiffs are refusing to sign the documents that are required to memorialize the modifications of the leases at the Recorder's office.

Settlement agreements are favored under the law. *See Walther v. Walther*, 102 Ohio App. 3d 378, 383 (1995). A court retains the inherent authority to enforce agreements entered into in settlement of litigation pending before them. *See Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992); *Chao v. Am. Nat'l Fleet Servs., Inc.*, 2008 U.S. Dist. LEXIS 51244, *3 (N.D. Ohio July 3, 2008). As settlement agreements are contracts, determining

whether a settlement agreement is valid and enforceable is a matter of state substantive law.  *See Smith*, 434 F. App'x at 460; *Bamerilease Capital Corp.*, 958 F.2d at 152; *Chao*, 2008 U.S. Dist. LEXIS 51244, *4; *Echols v. Williams*, 267 F. Supp. 2d 865, 867 (S.D. Ohio 2003).

Under Ohio law, settlement agreements are governed by general principles of contract law.  *See Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 40 (1972).  Ohio courts will enforce an oral settlement agreement when the negotiations reach a point in which the terms are reasonably certain and mutual assent to settle has been expressed.  *See Kostelnik v. Helper*, 96 Ohio St. 3d 1, 3–4 (2002).  In fact, an oral settlement agreement entered into ***in the presence of the court*** constitutes a binding settlement contract.  *Spercel*, 31 Ohio St. 2d at paragraph one of the syllabus; *see also Mack v. Polson Rubber Co.*, 14 Ohio St. 3d 34, 37 (1984); *Eckstein v. Eckstein*, No. CA2010-10-097, 2011-Ohio-1724, ¶ 13 (Ohio Ct. App. April 11, 2011); *Bolen v. Young*, 8 Ohio App. 3d 36, 37 (1982).  Moreover, when the parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement.  *Smith*, 2011 U.S. App. LEXIS 15866, *16.

The elements of a binding settlement agreement are met here.  As in *Smith*, there was "a meeting of the minds as well as an offer and acceptance," 434 F. App'x at 460 (citation omitted), that were fully set forth in the settlement terms read into the record on December 17.  The parties agreed to the material terms, there was consideration, and they entered into a binding contract to settle this action.  Plaintiffs should be required to fulfill their settlement obligations by executing the documents necessary to conclude the settlement.

## IV.    CONCLUSION

The Parties entered into a binding settlement agreement on December 17, 2012, and Plaintiffs are bound by that agreement.  Thus, Defendants request an order enforcing the

settlement and specifically ordering Plaintiffs to execute the settlement documents as agreed upon by counsel.

Respectfully submitted,

*/s/ Timothy B. McGranor*
John K. Keller (0019957)
Timothy B. McGranor (0072365)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43215
(614) 464-6400 / Fax: (614) 719-4954
E-mail:  jkkeller@vorys.com
            tbmcgranor@vorys.com

*Attorneys for Defendants Chesapeake*
*Exploration, L.L.C., Richard Owen, and*
*Kenyon Energy, LLC*

## CERTIFICATE OF SERVICE

I certify that on this <u>15th</u> day of January 2013, a copy of the foregoing ***Defendants'***

***Motion to Enforce Settlement*** was served by the Court's CM/ECF system on the following:

> Stephen P. Leiby
> Leiby Hanna Rasnick, Towne, Evanchan,
>    Palmisano & Hobson, LLC
> 388 South Main Street, Suite 402
> Akron, OH 44311
>
> *Attorney for Plaintiffs*

and by regular US mail on the following:

> Mark R. Fritz
> Michele E. Fritz
> 6301 Mackel Rd., N.E.
> Minerva, OH  44657
>
> *Plaintiffs*

*/s/ Timothy B. McGranor*

Timothy B. McGranor (0072365)

15584023