# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| FRISTZ DAIRY FARMS, LLC, et al., | ) | CASE NO.:  5:12-CV-1736-JRA |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| CHESAPEAKE EXPLORATION, | ) | |
| LLC, et  al., | ) | **OPPOSITION TO MOTION TO ENFORCE** |
| | ) | **SETTLEMENT AGREEMENT** |
| Defendants | ) | |
| | ) | |

Now come Plaintiffs who hereby oppose the Defendants' Motion to Enforce Settlement

Agreement with attached memorandum in support.

Respectfully submitted,

/s/ Warner Mendenhall_____
WARNER MENDENHALL (0070165)
190 N. Union Street, Suite 201
Akron, OH  44304
Phone 330.535.9160
Fax 330.762.9743

ALYSSA M. ALLEN (0082715)
P.O. Box 39631
Solon, OH  44139
(440)477-5484
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FRISTZ DAIRY FARMS, LLC, et al., | ) | CASE NO.:  5:12-CV-1736-JRA |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| CHESAPEAKE EXPLORATION, | ) | |
| LLC, et  al., | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **MOTION TO ENFORCE SETTLEMENT** |
| Defendants | ) | **AGREEMENT** |
| | ) | |

INTRODUCTION

Defendants assert that at a pretrial conference held on 12-17-2012, this action was settled.

However, the terms were never finalized and Plaintiff's attorney lacked authority to settle the

case on the terms claimed by Defendant.  Incorporated herein by reference is Plaintiffs' letter to

the Court dated 1-14-2013.  Doc#: 25.

Additionally, this Court lacks jurisdiction over this matter due to the lack of diversity of

the parties.

LAW AND ARGUMENT

**Jurisdiction**

This Court lacks jurisdiction over the case, as there is not complete diversity.[1]  Plaintiffs

properly filed in Ohio state court as at least one of the defendants is an Ohio citizen.  Defendant

Richard Owen, affirmed that he is a resident of Ohio when he applied for and received his notary

license from the State of Ohio.  (See Exhibit 1).  He listed his address as 5280 Broadmoor Circle,

#218, North Canton, Ohio for the purpose of obtaining the right to notarize under the laws of the

---

[1] Pursuant to 28 U.S.C. §1332.  *See Exxon Mobil Corp. v. Allapattah Services, Inc. et al.,* 545 U.S. 546, 125 S.Ct.
2611 (2005) and *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

State of Ohio.  (Ex. 1).  He was commissioned on September 20, 2010 and did not resign his notary commission until October 1, 2012.  (Ex. 1).  Therefore, Richard Owen, according to his own sworn statements to the State of Ohio was a resident of Ohio from September 20, 2010 through October 1, 2012.  This action was commenced June 4, 2012 in the Carroll County Court of Common Pleas.  At all times relevant to the allegations in Plaintiff's complaint, Richard Owen was an Ohio citizen.  His Affidavit, attached as Exhibit E, to *Defendants' Memorandum in Support of Notice of Removal* is therefore, false and should be stricken.  Mr. Owens, for the purpose of establishing jurisdiction in Federal Court based on diversity of citizenship, falsely claims that the address 5280 Broadmoor Circle, #218, North Canton, Ohio is "merely the hotel where I temporarily stay –the Residence Inn-while engaging in temporary business on Ohio."  If it were merely the hotel he temporarily stays while engaging in temporary business in Ohio, he fraudulently used it as his address for the purpose of obtaining an Ohio notary license.  Ohio's Revised Code 147.01 requires that only people over the age of 18 and who are Ohio residents, or who are attorneys from out of state who are licensed to practice in Ohio and have their principle place of business in Ohio, may be appointed and commissioned as notaries public. If Mr. Owen's affidavit is true, then his assertions to the State of Ohio for the purpose of obtaining a notary commission were fraudulent. Either way, Defendants' Motion for Removal to this Court should not be granted based on a Defendant who makes false statements of such magnitude to the State of Ohio.

**Settlement**

In Ohio, an attorney does not have authority to settle that matter on behalf of the client without the express consent of his or her client.  *Adkins v. Estate of Place*, 180 Ohio App. 3d 747, 749 (Ohio Ct. App., Clark County 2009).  In *Broz v. Yano*, 62 Ohio Misc. 2d 535

(Cuyahoga Cty. 1992), plaintiff shareholders brought an action for breach of fiduciary duty against defendant shareholders. The parties subsequently agreed to the general terms of a settlement whereby defendants would purchase plaintiffs' stock through installment payments to be secured by defendants' stock and the assets and receivables of the company. Plaintiffs' counsel thereafter sent a set of settlement documents to defense counsel which included a provision that defendants would be personally liable if there were a default on the installment payments. Defendants did not execute the settlement documents because the provision for personal liability was unacceptable. In holding that there was no enforceable settlement, the court stated:

> ... [W]here the "settlement" lacks agreement or consensus regarding an essential term, like hornbook contract law, Ohio law regarding settlements and their enforceability deems such a purported resolution incomplete and inherently unenforceable. "*** Reduced to its simplest terms, settlement is a contract. The party asserting the contract (settlement agreement) must prove by a preponderance of the evidence the existence of the elements of the contract, including offer, acceptance and consideration both as to the existence of the contract and as to its terms. ***" [Citation omitted].
> Clearly, in this case, the disputed terms go well beyond mere minor or perfunctory details and certainly the issue of personal as opposed to corporate liability for the settlement figure is a material element in any contract or settlement.

*Id*., at 538 (Emphasis added.) See, *Anschutz v. Radiology Assoc. of Mansfield, Inc*., 827 F. Supp. 1338 at 1343-1344, (N.D. Ohio 1993) (1. Dowd), (alleged settlement will not be enforced in the absence of a recitation of the terms on the record or a signed agreement unless existence and terms of settlement are proven by clear and convincing evidence); *Therma-Scan, Inc. v. Thermoscan, Inc*., 217 FJd 414, (6th Cir. 2000) (trial court finding of enforceable settlement reversed based on failure to establish by clear and convincing evidence that parties had reached agreement on all material terms); *Brockwell v. Beachwood City School Dist*., 2008 U.S. Dist. LEXIS 32482 at *19-20 (N.D. Ohio), (no enforceable settlement agreement because plaintiff did not prove by clear and convincing evidence that the parties had agreed on all the material terms).

The Plaintiffs did not give consent to their attorney to bargain for a confidentiality provision or to bargain away a lease extension worth about $800,000.00 [current market price] and $100,000.00 pursuant to the lease terms, for a $10,000.00 payment.  Thus an extension of the leases' primary terms to 7.5 years  from 5 years would leave Plaintiffs in a worse position that if the leases were deemed valid.

Even if this Court found that an agreement in principle existed, Defendants repudiated that agreement by requiring a confidentiality provision.  There are many cases where a court enforced a settlement agreement against a party who has repudiated its terms. But there is not a single reported case that this counsel could find where, as here, a party has been permitted to enforce a settlement agreement which the party himself repudiated.

The exhibits attached to Defendants' Motion make clear there is no finalization of the settlement agreement.  On 1-2-2013, Leiby states: "my clients have not seen or read the attached Agreement and its terms are, therefore, subject to their approval."  Doc #: 20-1; PageID#: 161. On 1-7-2013, counsel for Defendants proposes "suggested changes."  *Id*., PageID #: 168.

**CONCLUSION**

As a matter of law this Court lacks jurisdiction and there was no binding settlement agreement.

And even assuming there was a binding settlement, the evidence is that Defendants repudiated its

material terms.

Respectfully submitted,

/s/ Warner Mendenhall_____
WARNER MENDENHALL (0070165)
190 N. Union Street, Suite 201
Akron, OH  44304
Phone 330.535.9160
Fax 330.762.9743

ALYSSA M. ALLEN (0082715)
P.O. Box 39631
Solon, OH  44139
(440)477-5484
*Attorneys for Plaintiffs*

## C E R T I F I C A T E   O F   S E R V I C E

     I hereby certify that a true copy of the foregoing was served to all parties via the Court's CM/ECF system in accord with Fed. R. Civ. P. 5(b)(2)(E), this 13th day of February, 2013.


/s/ Warner Mendenhall
Warner Mendenhall 0070165
*Attorney for Plaintiffs*

# Exhibit 1



In the name and by the Authority of

# THE STATE OF OHIO

# TED STRICKLAND

## Governor of said State

## To all to whom these Presents shall come, Greeting:

Know Ye, That by virtue of the authority vested in me by the Constitution and Laws of this State, and reposing special Trust and Confidence in **Richard Owen**, I do hereby appoint and commission the above to be a **Notary Public**, for the State of Ohio for the term of Five Years commencing on the 21st day of September, 2010, and expiring on the 20th day of September, 2015, hereby authorizing and empowering said officer to execute and discharge, all and singular, the duties appertaining to said office, and to enjoy all the privileges and immunities thereof.

In Testimony Whereof, I have hereunto subscribed my name and caused the Great Seal of the State of Ohio to be affixed, at Columbus, this 21st day of September, 2010.

By The Governor:

*Ted Strickland*

*Jennifer Brunner*
Secretary of State



**PLAINTIFF'S EXHIBIT 1**
THE OHIO LEGAL BLANK CO., INC.
CLEVELAND, OHIO 44102-1799

SCANNED

SOS 1401 (07/07)



# Ohio Secretary of State

## Office of the Notary Commission

### Application for Amendment of Notary Public Information

| Submit application via U.S. Mail: | OR | Submit application in-person: |
|---|---|---|
| Notary Commission<br>P.O. Box 1658<br>Columbus, Ohio 43216 | | Client Service Center<br>180 East Broad St., Suite 103<br>Columbus, Ohio 43215 |

Choose the block(s) that applies to the amendment desired:
(Please make Check or Money Order payable to SOS/Notary Commission)

☐ Change of Name - $2.00 (Includes revised commission)

☐ Change of Address – No fee (no new certificate will be sent)

☐ Duplicate - $2.00

☒ Resignation of Commission – No fee

| 1. Current Name on Commission |  |  |  |
|---|---|---|---|
| *Richard Owen* |  |  |  |

| 2. New Name for Commission |  |  |  |
|---|---|---|---|
|  |  |  |  |

| 3. Current Address on Record | City | State | Zip Code |
|---|---|---|---|
| *5280 Broadmoor Cir #218* | *Canton* | *OH* | *44720* |

| 4. New Address for Record | City | State | Zip Code |
|---|---|---|---|
| *PO Box 50275* | *OKC* | *OK* | *73140* |

| 5. Commission Number | 6. Expiration Date |
|---|---|
| *2010-RE-346409* | *20 Sept 15* |

| 7. Contact Telephone Number | 8. County of Residence |
|---|---|
| *330-265-6149* | *Stark* |

| 9. Email Address (optional) | 10. Effective Date of Resignation |
|---|---|
|  | *10-1-2012* |

## DO NOT NOTARIZE YOUR OWN SIGNATURE

I attest to the accuracy of the amended information provided

11. Signature of Applicant  *Richard Owen*

Sworn to and subscribed in my presence this *29* day of *October* 20*13*

Notary Public Signature  *Thomas R White*

Commission Expiration Date _____

THOMAS R. WHITE
Notary Public State of Ohio
My Commission expires Feb. 16, 2017

Place Official Seal or Stamp in Box Provided