UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Fritz Dairy Farm, LLC, et al., | ) | CASE NO.: 5:12CV1736 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| Chesapeake Exploration, LLC, et al., | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is a motion to enforce settlement filed by Defendants. Plaintiffs opposed the motion, and the Court conducted an evidentiary hearing on February 13, 2013. The motion to enforce is GRANTED. This order is placed under seal due to the parties' agreement regarding the confidentiality of the terms of their settlement.

In their motion, Defendants seek to enforce the settlement agreement reached during a conference before this Court on December 17, 2012. In response, Plaintiffs contend that this Court lacks jurisdiction over the entirety of this matter and that no agreement was ever reached by the parties.

Initially, the Court would note that jurisdiction has been established in this Court. Plaintiffs' contentions regarding Defendant Owen focus upon his notary application form with the state of Ohio. Regardless of whether or not Owen placed false statements on that form, his sworn affidavit before this Court establishes that he is not a resident of Ohio. Accordingly, diversity jurisdiction was properly invoked when Defendants removed this matter.

Next, Plaintiffs assert that the parties never reached an agreement. Specifically, Plaintiffs

contend that their counsel was not authorized to agree to the terms offered by Defendants. In that regard, the Court notes as follows. First, Mr. and Mrs. Fritz were present at the outset of the Court's status conference on December 17, 2012. As the matter proceeded, the Court released them from their obligation to be present to facilitate their return to the family farm, only after they expressed the need to care for their dairy cows. At the time of their release, all parties were negotiating a possible settlement. The Court specifically discussed that matter with the Fritzes and told them to be certain that their attorney could continue negotiations. They assured the Court that this was the case and left the status conference.

After the Fritzes left the conference, negotiations continued and a settlement was ultimately reached. The Court then required the parties to place the terms of the settlement on the record before the Court. The Fritz's counsel, Attorney Leiby, then recited the terms of the parties' agreement as follows:

> Yes, we've agreed modification of the lease from a five-year lease with a five-year renewal term -- the recorded lease to a lease of an entire term of seven and a half years with no right of renewal.
>
> The payment by the defendants to the plaintiffs of $10,000.
>
> The further modification of the recorded lease to provide for reclamation of the land upon termination of the lease, as well as to provide additional protections for the water supply on the property.

The Court then asked the following:

> I know I've allowed your clients to leave given the nature of their occupation. You have represented to the court you have full and complete settlement authority, and you've conferred with your clients and they agreed to the settlement?

Attorney Leiby responded:  "I've conferred with my clients. They've agreed with the settlement."

The Court then inquired about whether confidentiality would be an issue in the agreement. Counsel for Defendants indicated that the amount of the settlement would need to remain

confidential and Attorney Leiby responded that he had no objection to this term.

During the Court's hearing, Attorney Leiby conceded that he had not, prior to the Court's question, informed the Fritzes about the issue of confidentiality. The Fritzes seize upon this admission and contend that this is a material term and that this concession demonstrates that they never agreed to such a term. However, that is not the evidence before the Court. Rather, the evidence is that an officer of the Court, Attorney Leiby, represented that he had *full* authority to settle the matter on behalf of his clients. Whether a specific term was relayed to the Fritzes before or after the Court put the terms on the record is immaterial to whether Attorney Leiby had the authority he represented to the Court.

In that regard, the Court heard testimony from Mrs. Fritz and Attorney Leiby. The two have wildly different recollections of Attorney Leiby's representation and his scope of authority. Having had the opportunity to observe both as witnesses and Mrs. Fritz throughout the proceedings in this matter, the Court finds Attorney Leiby to be more credible. Accordingly, the Court will rely upon his statements in open court that he had the full authority to enter into the settlement under the terms stated in open court.

Accordingly, the motion to enforce is GRANTED. Plaintiffs shall immediately take all steps necessary to execute the settlement documents and comply with their terms.

IT IS SO ORDERED.


March 1, 2013                                    */s/ John R. Adams*
                                                 JUDGE JOHN R. ADAMS
                                                 UNITED STATES DISTRICT JUDGE