IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRITZ DAIRY FARMS, L.L.C., et al., | ) | Case No. 5:12-cv-1736-JRA |
| | ) | |
| *Plaintiffs*, | ) | Judge John R. Adams |
| | ) | |
| *v.* | ) | |
| | ) | **DEFENDANTS' COMBINED** |
| CHESAPEAKE EXPLORATION, L.L.C., et al., | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO PLAINTIFFS' MOTION TO** |
| | ) | **STAY PENDING APPEAL AND** |
| *Defendants*. | ) | **REPLY MEMORANDUM IN** |
| | ) | **SUPPORT OF MOTION FOR** |
| | ) | **CONTEMPT** |

## I.      INTRODUCTION

Plaintiffs continue their efforts to renege on the settlement they reached on December 17, 2012.  These efforts should be rejected, and they should be held to the deal they struck.  Their continuous efforts to delay compliance with their settlement obligations are interfering with Defendants' rights under the leases to explore for oil and gas.  Because Plaintiffs have failed to establish the elements necessary to justify a stay, their motion for a stay pending appeal should be denied.  Further, because they have failed to comply with this Court's clear order, they should be held in contempt.

## II.      LAW AND ARGUMENT

### A.      Plaintiffs Have Not Established the Elements Necessary for a Stay.

The standards for obtaining a stay pending appeal are the same as those required to obtain a preliminary injunction.  This standard requires the Court to examine four factors:

> (1) whether the defendant has *a strong or substantial* likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.

Case: 5:12-cv-01736-JRA  Doc #: 33  Filed: 04/19/13  2 of 6.  PageID #: 456

*Family Trust Found. of Ky., Inc. v. Ky. Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004) (quoting *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002)) (emphasis added).  While Plaintiffs are generally correct that the likelihood of success they must demonstrate is inversely proportional to the irreparable injury they establish, "the movant is always required to demonstrate more than the mere 'possibility' of success on the merits."  *Mich. Coalition of Radioactive M Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).  Thus, "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.' "  *Id.* at 153–54.  Under these standards, Plaintiffs cannot establish that a stay pending appeal is appropriate.

### 1.    Plaintiffs Have Virtually No Likelihood of Prevailing on the Merits.

The only grounds the Plaintiffs rely on in their motion for a stay regarding their likelihood of success on appeal is the following statement:

> Although there are many issues on appeal, the testimony at the hearing established that the Defendants [sic]/Appellants did not agree to, nor did they consult with counsel regarding approval of the confidentiality provision of the settlement.  They are likely to succeed on this issue.

(Pls.' Mot. for Stay at 3, ECF No. 31.)  Plaintiffs are incorrect.  Under Ohio law, they have no likelihood of prevailing on this issue, because their counsel expressly agreed to confidentiality when the issue was raised by the Court when the parties placed their settlement on the record. *Capital Dredge & Dock Corp. v. City of Detroit*, 800 F.2d 525, 530–31 (6th Cir. 1986).

As this Court found when it ordered that the settlement be enforced, there is no question that Plaintiffs authorized their former attorney to enter into a settlement during the status conference.  The parties engaged in several hours of settlement discussions that day at the

- 2 -

direction of the Court, and the Plaintiffs were excused only when the parties informed the Court that a settlement was reached.  Once a party authorizes his or her attorney to enter into settlement discussions, the resulting settlement is binding, even if the party later believes that the settlement was made on terms they deem unacceptable.  *See, e.g.*, *Patel v. Lowes Home Ctrs., Inc.*, No. 2:05-cv-0775, 2007 U.S. Dist. LEXIS 12020, at *16–17 (S.D. Ohio Feb. 16, 2007); *Kraras v. Safeskin Corp.*, No. 2:98-cv-0169, 2004 U.S. Dist. LEXIS 28876, at *17 (S.D. Ohio Aug. 26, 2004); *Argo Plastic Products Co. v. City of Cleveland*, 15 Ohio St. 3d 389, 392, 474 N.E.2d 328 (1984).  Because the parties reached a settlement, which included the confidentiality provision as expressly agreed to by Plaintiffs' attorney on the record, that settlement is binding and enforceable.  Having failed to cite any authority that would allow them to escape the settlement, Plaintiffs have done nothing to establish any likelihood of success on the merits, let alone the substantial likelihood required to obtain a stay.  Thus, for this reason alone, their motion should be denied.

**2.      The Remaining Factors Weigh Against a Stay.**

The remaining factors also militate against a stay pending appeal.  Plaintiffs completely ignore the harm to Defendants and third parties that would result from the issuance of a stay pending appeal.  The uncertainty caused by this litigation effectively prevents Defendants from developing the property and producing oil and gas, depriving Defendants (and Plaintiffs) from earning money from the sale of oil and gas.  Further, Plaintiffs' property will not be developed in isolation.  In order to develop oil and gas from shale as is contemplated here, it is necessary to coordinate large blocks of property into a cohesive, interdependent plan of development.  Plaintiffs' property is but one building block in that development plan.  The delay caused by Plaintiffs' refusal to consummate the settlement interferes not only with the development of their

property but also with the development of all the surrounding acreage.  Defendants may, in fact, lose leases on surrounding acreage if they are unable to timely develop the oil and gas on Plaintiffs' property.  Plaintiffs make no effort to show that Defendants and surrounding landowners will not be harmed by the stay they seek and simply ignore these realities.  Because Plaintiffs have failed to establish these elements, their motion should be denied.

Finally, the public interest weighs in favor of denying the motion, because there is strong public policy in encouraging settlement.  *Bosley v. 21 WFMJ*, No. 4:04CV2529, 2006 U.S. Dist. LEXIS 99951, at *5 (N.D. Ohio Feb. 24, 2006) ("The Sixth Circuit Court of Appeals has held that strong public policy encourages the settling of cases without litigation, and courts should uphold settlement agreements whenever it is equitable to do so.") (citing cases); *QSI-Fostoria DC, LLC v. GE Capital Bus. Asset Funding Corp.*, No. 3:02CV7466, 2005 U.S. Dist. LEXIS 521, at *20 (N.D. Ohio Jan. 14, 2005) ("[The public interest is most favored by encouraging settlement.").  By holding Plaintiffs to their settlement, the Court would further this public interest and ensure the finality and certainty that results from settlement.  Because Plaintiffs have failed to establish this element, their motion to stay should be denied.

**B.  Because a Stay Is Unwarranted, This Court Should Enforce Its Order.**

Because a stay is unwarranted for the reasons discussed above, the Court's order enforcing the parties' settlement should be enforced.  Absent a stay, the district court is free to enforce its orders during the pendency of an appeal.  *See, e.g.*, *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987).  As explained in Defendants' motion for contempt, this Court issued a clear, unambiguous order that Plaintiffs "immediately" sign the documents necessary to consummate the settlement.  (ECF No. 28.)  Plaintiffs have failed to comply with that order.  Thus, Defendants should be granted the relief requested in their motion.

- 4 -

### III.     CONCLUSION

Plaintiffs have failed to show they are entitled to a stay pending appeal.  They have presented no evidence or law that suggests the settlement they agreed to will be reversed on appeal, nor have they demonstrated that Defendants or third parties will be unharmed in the event of a stay.  The public interest in fostering settlement also counsels that the motion be denied.  For these reasons, Defendants request that Plaintiffs' motion for a stay pending appeal be denied and that Defendants motion for contempt be granted.

Respectfully submitted,

*/s/ Timothy B. McGranor*
John K. Keller (0019957)
Timothy B. McGranor (0072365)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43215
(614) 464-6400 / Fax: (614) 719-4954
E-mail:   jkkeller@vorys.com
                tbmcgranor@vorys.com

*Attorneys for Defendants Chesapeake Exploration, L.L.C., Richard Owen, and Kenyon Energy, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 19th day of April 2013, a copy of the foregoing ***Defendants'***

***Combined Memorandum in Opposition to Plaintiffs' Motion to Stay Pending Appeal and Reply***

***Memorandum in Support of Motion for Order Holding Plaintiffs in Contempt*** was served by

the Court's CM/ECF system on the following:

> Warner Mendenhall (0070165)
> 190 N. Union Street, Suite 201
> Akron, OH 44304
>
> Alyssa M. Allen (0082715)
> P.O. Box 39631
> Solon, OH 44139
>
> *Attorneys for Plaintiffs*

> */s/ Timothy B. McGranor*
> Timothy B. McGranor (0072365)

16401162