**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| FRITZ DAIRY FARMS, LLC, et al., | CASE NO.: 5:12-CV-1736-JRA |
| Plaintiffs | |
| v. | **JUDGE JOHN R. ADAMS** |
| CHESAPEAKE EXPLORATIONS, LLC, et al., | **PLAINITFFS' REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY PENDING APPEAL** |
| Defendants | |

**MEMORANDUM OF LAW**

**I.     LIKELIHOOD OF SUCCESS ON THE MERITS**

Defendants argue that Plaintiffs have virtually no likelihood of prevailing on the merits, ignores the facts of the case.  In a hearing on the Motion to Enforce the Settlement, all parties agreed that there was <u>never</u> a discussion regarding a confidentiality clause.  Therefore, the Plaintiffs had never given any authority to their attorney to negotiate or agree on that item.  Nor could the Plaintiffs have consented to the agreement containing a confidentiality clause.  They were not present when the issue was raised, nor were they consulted about the issue until *after* the Court entered the agreement on the record.  Therefore, it was impossible for there to have been a meeting of the minds.  An issue that was 1) never contemplated during settlement negotiations, and 2) never agreed to by one party, results in an invalid, unenforceable agreement due to a lack of a meeting of the minds.  "The law is clear that to constitute a valid contract, there must be a meeting of the minds of the parties, and there must be an offer on the one side and an acceptance on the other." *Noroski v. Fallet* (1982), 2 Ohio St.3d 77, 79.  There was never an offer regarding confidentiality.

Confidentiality is not a collateral issue in a contract. Confidentiality in an agreement requires a waiver of a constitutional right to free speech. The only class of people required to forfeit constitutional rights are convicted criminals. The benefit of confidentiality is one-sided. The only parties that benefit from confidentiality are the ones of the Defendants' side, not the Plaintiffs. By keeping the settlement agreement secret, the Defendants can further negotiate with other landowners. The Plaintiffs' are not engaged in negotiated oil and gas leases with other landowners. However, if Plaintiffs wish to speak out in a public forum about their rights and opinions, they will be restricted by a confidentiality clause they never even contemplated. Further, Defendants have no counterclaim, yet, they are now able to saddle Plaintiffs with a duty to remain silent about an essential term of the agreement. If Defendants wished to impose legal duties on Plaintiffs they proper procedure would have been a counterclaim, or a claim for injunctive relief. A lifelong obligation of silence is unfair, unconstitutional and most certainly an essential term to the agreement. It is undisputed that Plaintiffs never had the opportunity to contemplate the waiver of their constitutional right to speech, let alone consent to such waiver. On this issue, Plaintiffs are most likely to prevail.

Further, confidentiality is against public policy and therefore, against the public interest. In the New York Times article "Ending Legal Secrecy", the report stated "the main loser in secret settlement is the public." <u>NYT</u>, Sept. 5, 2001. Martha Neil writes "they [confidential settlements] undermine public safety." "Confidential Settlements Scrutinized" Amer. Bar Assoc., July 2002. "In some instances, the fact of the settlement may be public but the terms remain confidential; lawyers say that gives corporations what amounts to plausible deniability, because plaintiffs who have agreed to the confidential settlement cannot dispute the corporate

2

denial of wrongdoing." Ralph Ranalli, "Lawyers Want to Limit Secret Settlement Deals Can Shroud Problems," Boston Globe November 25, 2000.

  Finally, it is clear from the record that Plaintiffs did not waive their right to the additional payment contemplated in exchange for an extension of the initial 5-year term of the lease. Rather, the settlement payment was in consideration for the dismissal of the fraud action. Therefore, an absolutely essential term of the settlement agreement was either misrepresented or misinterpreted.  Under Ohio law, consideration consists of either a benefit to the promisor or a detriment to the promisee. *Carlisle v. T&R Excavating, Inc.* (1997), 123 Ohio App.3d 277, 283. "A benefit may consist of some right, interest, or profit accruing to the promisor, while a detriment may consist of some forbearance, loss, or responsibility given, suffered, or undertaken by the promisee." *Lake Land Emp. Group of Akron, LLC v. Columber,* 101 Ohio St.3d 242, 2004-Ohio-786.  It defies logic to argue that Plaintiffs received any consideration for waiving a right to a payment of more than $90,000.00 by, 1) dismissing the fraud action and 2) receiving a mere $10,000.00 payment.  What possible benefit would that net Plaintiffs?  Therefore, the Plaintiffs' Motion to Stay has a strong or substantial likelihood of success on the merits.

  **II.** **NO HARM TO NONMOVING PARTIES OR OTHER "INTERESTED" PARTIES.**

  As stated in Plaintiffs' Motion to Stay, the current leases do not expire and Defendants do not need to make any payment to Plaintiffs for the extension of the lease until 2015.  However, harm will come to all parties if the stay is not granted.  Should Plaintiffs win the appeal, there would be significant cost and inconvenience to "un-do" the harm.

  There are no other "interested parties" that would be harmed by a stay.  Defendants argue that other property owners' leases and negotiating would be affected.  However, these other

property owners have no direct involvement in the case, or the outcome of this case.  This is a case concerning a fraudulent lease.  It is only between the parties and whether it is fraudulent or not has no bearing on surrounding property owners' right to negotiate or enter into their own gas and oil lease.

As stated above, confidentiality clauses are against the public interest.  The strong policy of encouraging settlements should not outweigh the policy to ensure that the settlements meet the requirement of contract formation and are not predicated on misrepresentations or misinterpretations.  The public's confidence in the judicial system is at stake.  If essential terms are never negotiated, yet included in an agreement in the party's absence, the public's confidence as to settling will be shaken.

### III.     CONCLUSION

For the reasons provided in Plaintiffs' Motion for Stay Pending Appeal and for the reasons provided above, the Court should stay the enforcement of the settlement agreement pending the outcome of Plaintiffs' appeal.

Respectfully submitted,

/s/ Warner Mendenhall_____
WARNER MENDENHALL (0070165)
190 N. Union Street, Suite 201
Akron, OH  44304
Phone 330.535.9160
Fax 330.762.9743

ALYSSA M. ALLEN (0082715)
P.O. Box 39631
Solon, OH  44139
(440)477-5484
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was served to all parties via the Court's CM/ECF system in accord with Fed. R. Civ. P. 5(b)(2)(E), this 26th day of April, 2013.

/s/ Warner Mendenhall
Warner Mendenhall, 0070165
*Attorney for Plaintiffs*
