UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Fritz Dairy Farm, LLC, et al., | ) | CASE NO.:  5:12CV1736 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Chesapeake Exploration, LLC, et al. | ) | |
| | ) | (Resolving Docs. 28, 31) |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter appears before the Court on Plaintiffs' motion to stay the execution of judgment pending appeal and Defendants' motion for contempt.  Upon consideration, the motion to stay is GRANTED, and the motion for contempt is HELD IN ABEYANCE.

**I. Facts**

On December 17, 2012, the parties settled this matter before the Court during a status conference.  Plaintiffs had been given permission to leave the conference after several hours, and their attorney therefore placed the settlement terms on the record.  Thereafter, Plaintiffs refused to execute settlement documents.  On February 13, 2013, this Court conducted an evidentiary hearing and concluded that a valid and enforceable settlement agreement had been reached between the parties.  At that time, the Court ordered that absent an appeal and the grant of a stay, Plaintiffs were to immediately execute the settlement documents.  On March 1, 2013, the Court memorialized its oral ruling in a written order, once again stating: "Plaintiffs shall immediately take all steps

1

necessary to execute the settlement documents and comply with their terms." Doc. 26 at 3.

On March 18, 2013, Defendants filed a motion seeking to hold Plaintiffs in contempt, noting that they had refused to execute the settlement documents. Four days later, Plaintiffs filed their notice of appeal with the Sixth Circuit. Another nine days later, Plaintiffs sought a stay of this Court's order.

**II. Legal Standard**

This Court may issue a stay pending appeal only after consideration of four factors: (1) whether the party seeking the stay has made a strong showing of likelihood of success on the merits on appeal; (2) whether the moving party will suffer irreparable harm if the stay does not issue; (3) whether issuance of a stay will substantially injure other parties to the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 129 S.Ct. 1749, 1756 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors, likelihood of success on the merits of the appeal and irreparable injury to the appealing party, are the most critical. *See Nken*, 129 S.Ct. at 1761.

**III. Legal Analysis**

1. <u>Likelihood of success on the merits</u>

"[T]he Sixth Circuit [has] explained that 'a movant need not always establish a high probability of success on the merits.'" *American Standard, Inc. v. Meehan*, 614 F.Supp.2d 844, 847 (N.D.Ohio 2007) (quoting *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "When, for example, the irreparable injury factor greatly favors the movant, he may only be required to show a

'serious question going to the merits' in order to overcome the likelihood of success factor." Id. (quoting *Griepentrog*, 945 F.2d at 153-54).

In the instant matter, the Court acknowledges that the issue of confidentiality was raised by the Court when the parties were placing the terms of their settlement on the record.  At that time, the parties indicated that it had been previously discussed but that it should be a part of the parties' settlement.  As such, the record does at least demonstrate no specific communication between counsel for Plaintiffs and Plaintiffs about that precise issue.  Therefore, Plaintiffs may contend on appeal that such lack of communication serves to invalidate the settlement.  While the Court does not believe that a review court will sustain such an argument, it at a minimum presents a non-frivolous issue for appeal.

    2.  <u>Irreparable Harm, Harm to Others, and the Public Interest</u>

From the Court's review, neither party will be harmed by a stay.  While Defendants contend that they cannot move forward with developing the property with uncertainty surrounding the lease duration, the Court finds that such harm is minimal.

Finally, while the public's interest strongly favors the enforcement of voluntary settlements, where there is uncertainty surrounding the authority of counsel to enter a settlement, such interest is significantly less.  Under those facts, the public interest lies strongly in favor of ensuring that the settlement was entered into with the proper authority before carrying out its terms.

    3.  <u>Contempt Motion</u>

Based upon staying the matter pending appeal, the Court will HOLD IN ABEYANCE any ruling on Defendants' motion to hold Plaintiffs in contempt.

  **IV. Conclusion**

Plaintiffs' motion for a stay pending appeal is GRANTED.  The Court also finds that no bond is necessary under the facts presented herein.  Defendants' motion to find Plaintiffs in contempt is HELD IN ABEYANCE pending the outcome of the appeal.

IT IS SO ORDERED.


<u>April 29, 2013</u>                                              <u>     /s/ Judge John R. Adams        </u>
                                                              JUDGE JOHN R. ADAMS
                                                              UNITED STATES DISTRICT COURT