```
                       UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF OHIO
                             EASTERN DIVISION


   FRITZ DAIRY FARM, LLC,
   ET AL.,

               Plaintiffs,        Case No. 5:12CV1736
                                  Akron, Ohio
          vs.                     Wednesday, September 3, 2014
                                  11:30 a.m.
   CHESAPEAKE EXPLORATION, LLC,
   ET AL.,

               Defendants.



           TRANSCRIPT OF MOTION HEARING AND SETTLEMENT
              BEFORE THE HONORABLE JOHN R. ADAMS
                   UNITED STATES DISTRICT JUDGE


   APPEARANCES:

   For the Plaintiffs:   Warner Mendenhall
                         Attorney at Law
                         190 North Union Street, Suite 201
                         Akron, Ohio 44304
                         (330) 535-9160

   For the Defendants:   Timothy B. McGranor
                         Vorys, Sater, Seymour & Pease -
                          Columbus
                         52 East Gay Street
                         P.O. Box 1008
                         Columbus, Ohio 43216-1008
                         (614) 464-8205

   Court Reporter:       Caroline Mahnke, RMR, CRR
                         Federal Building & U.S. Courthouse
                         2 South Main Street, Suite 568
                         Akron, Ohio 44308
                         (330) 252-6021

   Proceedings recorded by mechanical stenography; transcript
   produced by computer-aided transcription.
```

```
11:36:49

11:37:05

11:37:11

11:37:24

11:37:34
```

1    Wednesday, September 3, 2014, 11:30 a.m.
2         THE COURT:  For the record, the Court has before
3    it today Case Number 5:12CV1736.  The case is Fritz Dairy
4    Farm, LLC, plaintiff, Mark Fritz and Michelle Fritz versus
5    Chesapeake Exploration, LLC, et al.
6         We're here today to address a motion filed by the
7    defendants in the matter.  It's the defendants' renewed
8    motion for an order holding the plaintiffs in contempt.
9    It's document 43 as reflected in the docket.
10        Counsel for the plaintiff, are you ready to proceed?
11             MR. MENDENHALL:  Yes, Your Honor.
12             THE COURT:  On behalf of the defendants, are you
13   ready to proceed?
14             MR. MCGRANOR:  Yes, Your Honor.
15             THE COURT:  Counsel on behalf of the defendants,
16   in addition to your papers, what if any argument would you
17   like to present, or can you provide the Court any update
18   with regard to the status of the matter, efforts made to
19   bring this matter to a close?
20             MR. MCGRANOR:  Certainly, Your Honor.
21             THE COURT:  You can remain at the counsel table,
22   if you would like, since you have your papers there.
23             MR. MCGRANOR:  Thank you, Your Honor.
24        Your Honor, since we filed the motion, I was contacted
25   last Friday by Mr. Mendenhall, counsel for the plaintiffs,

1    with a proposal to try to resolve this situation.  We

2    analyzed that proposal and decided to decline it.

3         We are prepared to go forward.  The deal that we would

4    like to have is the deal that we reached in December of 2012

11:37:54  5    and the deal that this Court ordered to be enforced back in

6    March of 2013, as affirmed by the Sixth Circuit.

7         This Court has already heard argument on this issue

8    once, ordered that the settlement be enforced, and we are

9    prepared today to have those documents signed.  I have them

11:38:14 10    with me today.  Those are the documents that were attached

11    to our original motion to enforce the settlement as ordered

12    by the Court.

13         THE COURT:  Well, that might be kind of difficult

14    because Mr. Fritz isn't here.  He's a party to the

11:38:27 15    settlement, I take it.

16         MR. MCGRANOR:  He is, Your Honor.

17         THE COURT:  Mr. Mendenhall.

18         MR. MENDENHALL:  Your Honor, I can address that.

19    I bought with me a power of attorney executed from Mark

11:38:39 20    Fritz to Michelle Fritz.

21         Mr. Fritz has had some serious health conditions, so

22    we do have a power of attorney and she is prepared to

23    proceed today.

24         And she is -- she has power to act on her husband's

11:38:51 25    behalf and on behalf of Fritz Dairy Farm, LLC.

1   THE COURT: Well, counsel, what's your client's
2   position regarding the motion here that sits before me?
3   There has been an agreement that was reached. There has
4   likewise been a decision by the Sixth Circuit based on your
5   appeal. So it's fairly clear that the execution of the
6   documents is in order.
7   MR. MENDENHALL: Your Honor, I have been seeking
8   a way to cut through some of my client's objections. We
9   have discussed the order and the settlement agreement that
10  was issued on the record in this Court. My client is
11  willing to abide by what was issued on the record with this
12  Court.
13  What my client has an objection to are some specific
14  parts of the language in the amendments and ratifications.
15  You know, in my experience -- and Mr. McGranor and I
16  disagree on this a little bit, Your Honor. But, you know, I
17  had attempted -- one of the issues we had discussed was just
18  having a judgment entry from this Court that reflects what
19  the settlement terms are that can be filed with the county
20  recorder.
21  That would take away some of the objections that my
22  client has in terms of the precise wording in the amendments
23  and ratifications. And she is willing to proceed on that
24  basis and abide by the order of this Court.
25  THE COURT: Well, counsel, what is the issue, if

1 you can try to help me with --

2 MR. MCGRANOR: The issue is, Your Honor, we need

3 to have these documents recorded. We want the documents

4 recorded in the form that they were agreed to. The

11:40:33 5 appropriate time to raise the objections that they had to

6 the documents were when they moved to enforce the settlement

7 and prior to this Court ordering that they sign these very

8 same documents.

9 THE COURT: So --

11:40:45 10 MR. MCGRANOR: We have now --

11 THE COURT: I'm sorry. Refresh my memory. So

12 the documents that were before me, are they identical to the

13 ones that you've presented for signature?

14 MR. MCGRANOR: Except for the dates, Your Honor.

11:40:56 15 THE COURT: Except for the dates.

16 So I previously ordered the enforcement of the

17 settlement. I'm just going back to review from -- I guess

18 thinking out loud here.

19 I previously ordered the enforcement of the settlement

11:41:06 20 under the terms and conditions as set forth in the items

21 that you presented or the documents you presented to the

22 defendant.

23 MR. MCGRANOR: Correct, Your Honor. Our motion

24 asked that this Court order the plaintiffs to executes the

11:41:18 25 documents that were attached to our motion to enforce the

1  settlement.

2  This Court ruled and ordered "Plaintiff shall
3  immediately take all steps necessary to execute the
4  settlement documents and comply with their terms." That was
11:41:32  5  the order that this Court entered. That was the order that
6  was appealed to the Sixth Circuit. And that was the order
7  that was affirmed.

8  THE COURT: What is the, as you understand it, is
9  the plaintiff's disagreement with the terms of the
11:41:45 10  documents?

11  MR. MCGRANOR: The plaintiffs have not
12  articulated any specific objections to the documents as
13  proposed other than the fact that the name Total as one of
14  the party lessees appears in the documents. They have not
11:41:57 15  identified any specific problems with those documents. Nor
16  did they identify any specific problems with those documents
17  during the motion to enforce stage.

18  The documents were negotiated specifically and agreed
19  to between me and Mr. Leiby at the time of
11:42:12 20  the -- immediately after the settlement.

21  THE COURT: Thank you, sir.
22  Mr. Mendenhall, have you conveyed to counsel for the
23  defendant, did you discuss with the attorneys for the
24  defendant the issues regarding documents and the language or
11:42:29 25  terms? Have you brought that to their attention before

1 today?

2 MR. MENDENHALL: Your Honor, this has been a
3 fairly complicated process for a period of time. I was
4 relieved from representing my clients while this case was on
5 appeal, and I believe there are some other matters there.
6 Last week I was contacted by Michelle, and I
7 immediately began to work on the case to try to resolve the
8 contempt issue.
9 But I have not communicated the details. I thought
10 there were several other ways that this could be resolved,
11 including a judgment entry by this Court.
12 THE COURT: Well, that's not going to be
13 sufficient. Obviously the defendants, based on the nature
14 of the case, based upon the issues -- an interest in real
15 estate is at issue here -- the defendants are going to be
16 permitted, they have the right, to file and cause to be
17 filed the documents that reflect the agreement of the
18 parties as I previously ordered.
19 Now, Mrs. Fritz, I want to proceed with caution here.
20 You have -- basically you have lost on appeal.
21 MS. FRITZ: I understand, sir.
22 THE COURT: There is, at this point, in terms of
23 negotiation, there really is very little room for any
24 negotiation. You are bound by a settlement agreement.
25 MS. FRITZ: Correct.

| | |
|---|---|
| 1 | THE COURT: That I ordered enforced. |
| 2 | MS. FRITZ: Um-hum. |
| 3 | THE COURT: That I know you're not happy with the |
| 4 | outcome. I understand that. But at this point, I need to |
| 11:43:59 5 | give you fair warning that if you refuse to execute |
| 6 | documents and the agreements that have been ordered by me |
| 7 | and as affirmed by the Sixth Circuit -- the only Court above |
| 8 | the Sixth Circuit is the U.S. Supreme Court, and the time I |
| 9 | suspect has run for any appeal there, nor is it likely |
| 11:44:20 10 | they're going to review this issue, the issues in this case. |
| 11 | So as unhappy as you might be, to resist executing |
| 12 | documents to carry out the agreement is going to put you at |
| 13 | risk of thousands, if not tens of thousands of dollars. |
| 14 | Because if the plaintiffs establish -- excuse me, the |
| 11:44:42 15 | defendants, establish their right -- are you hearing me? |
| 16 | Ma'am? |
| 17 | MS. FRITZ: Um-hum. Yes, sir. |
| 18 | THE COURT: If they establish their right to |
| 19 | enforce this agreement -- they've already established that. |
| 11:44:54 20 | Let me rephrase that. They've already established that |
| 21 | there is an agreement. They have a right to have the |
| 22 | agreement enforced. And the agreement that they have a |
| 23 | right to enforce is attached, is included in the filings in |
| 24 | this court. |
| 11:45:06 25 | And if you continue to resist carrying out that |

1   agreement, then they're asking me to hold you in contempt.
2   Contempt powers include, at the extreme, a period of
3   incarceration, at the extreme, custody.  Or worse than that,
4   perhaps, or not worse but certainly a consequence can be
5   tens of thousands of dollars which they would be entitled
6   to, and for attorney fees and other costs, which, if you
7   want to refuse to pay that, they could attach that as to a
8   lien on your property.  I mean, there is -- that is at the
9   extreme.
10      But I am just trying to say to you, ma'am, with all
11  due respect, and encourage you, at this point the battle is
12  pretty much over.  And resisting further may either be
13  futile, and it certainly may be very costly.
14      And so I would strongly encourage you -- you can meet
15  with Mr. Mendenhall.  You can discuss with him -- again,
16  maybe you've done that before today.  But if need be, we're
17  going to go forward with a hearing.  If they establish that
18  indeed you have refused to sign the documents as I have
19  ordered, as the Sixth Circuit has affirmed, as part of your
20  agreement, then the next thing left for me to do is to
21  decide a consequence.  And I really don't want to do that.
22          MS. FRITZ:  I understand, sir.
23          THE COURT:  This should be something that should
24  have been resolved a number of weeks ago.  It's unfortunate.
25  I know you're unhappy.  There is certainly some positives to

1     this in terms of the economic circumstances for you.

2          But if you don't -- but if you wish to resist further,

3     then it's going to be very challenging for me and for you,

4     and they're going to be clamoring for me to do something

11:47:00  5     that I may not want to do.  If I don't want to do it, they

6     may go to the Sixth Circuit and ask them to do it.

7          MS. FRITZ:  I understand.

8          THE COURT:  Which means more money, more costs,

9     and more money that they're going to be asking for.

11:47:11 10     And I'm not talking about a few hundred dollars,

11     ma'am.

12          MS. FRITZ:  Oh, I understand.

13          THE COURT:  I'm talking about thousands of

14     dollars.  Maybe tens of thousands of dollars.

11:47:18 15     So why don't you take few minutes.  You talk to Mr.

16     Mendenhall.  They have the documents available.  And if

17     you're not able to work it out, then I'm going to come back

18     on the bench and then we're going to conduct this hearing.

19          And I'm going to be open-mined and fair about it, but

11:47:31 20     the issues are somewhat limited based on where I'm at now,

21     where this case has gone.

22          So take some time.

23          Counsel, why don't you talk to Mr. Mendenhall.  If

24     there is some minor matter that you might be able to give on

11:47:45 25     a bit and get this cleared up and cleaned up in a very

1  expeditious way, I would strongly encourage you to do that.
2  If it's a matter of wording or language or something that
3  doesn't affect your substantial rights in this lease --
4      MR. MCGRANOR: Understood, Your Honor.
5      THE COURT: -- let's work it out.
6    All right. I'll step off.
7    My law clerk here, Mr. Little, will work with you.
8    Ma'am, take some time. Talk to your attorney. Talk
9  to the other side. And see if you can't work this out.
10   All right? Please.
11   Mr. Mendenhall, any questions?
12     MR. MENDENHALL: No. Thank you, Your Honor.
13     THE COURT: Please, ma'am. Take some time. Work
14 it out.
15     MS. FRITZ: Yes, I understand.
16     THE COURT: I know you're running a dairy farm.
17 I know how hard it is. So just take some time and clear up
18 this. Thank you very much.
19   I'll come back when you've had a chance to confer.
20   If you need a separate room, my law clerk will provide
21 you with separate accommodations so you can meet and discuss
22 privately with each other, my conference room, what have
23 you, whatever space you might need.
24   All right. Thank you very much, please.
25     (Recess taken, 11:45 a.m. until 1:45 p.m.)

1  THE COURT: Counsel, it's my understanding after
2  our discussions here this morning that the parties have met
3  and conferred and that there is a resolution of the
4  outstanding motion.
5  Counsel for the defendants, is that correct?
6  MR. MCGRANOR: That is correct, Your Honor.
7  THE COURT: And would you set forth the terms of
8  whatever agreement that you have that might resolve the
9  matter? And then I'll hear from counsel for the plaintiff
10 and make certain that there is an agreement here.
11 MR. MCGRANOR: We have made some modifications to
12 the amendments and ratifications that were previously sent
13 to the plaintiffs, specifically relating to some water
14 testing language.
15 We have made those changes. We have revised the
16 documents. Those documents were then printed in your
17 chambers. We have executed those documents.
18 At least plaintiffs have executed those documents, and
19 those have now been notarized. And I have those documents
20 here.
21 THE COURT: And you intend on executing them from
22 your side as well --
23 MR. MCGRANOR: Correct, Your Honor.
24 THE COURT: -- and then finalizing this
25 agreement?

1           MR. MCGRANOR: That's correct, Your Honor.

2           THE COURT: And you seek no further action

3 against the plaintiffs, as I understand it?

4           MR. MCGRANOR: That is correct.

13:45:46 5           THE COURT: All right.

6       Mr. Mendenhall, on behalf of the plaintiffs, please.

7           MR. MENDENHALL: That's correct, Your Honor.

8      There were a couple of matters regarding water and

9 water testing, and defendants have worked with us to get

13:46:00 10 that resolved. The agreement and everything is in writing.

11 It's signed by my client.

12           THE COURT: All right. And so the matter is

13 closed at this point. I'll put up an entry -- or you'll

14 advise the Court -- well, we will just advise that you've

13:46:14 15 orally dismissed your motion.

16      How's that?

17           MR. MCGRANOR: That's fine, Your Honor.

18           THE COURT: I will require no further paperwork,

19 nothing of that matter. We will just put up an entry that

13:46:22 20 the motion has been dismissed and settled based upon the

21 agreement of the parties.

22      Ms. Fritz, thank you very much. I appreciate your

23 cooperation. And good luck in the future. I know you have

24 not been completely happy with the way the matter is

13:46:34 25 resolved, but hopefully you can move forward.

1      All right.  Thank you very much.  That's how we will
2 proceed.
3      Have a good day, all.  Have a safe drive home.
4           MR. MENDENHALL:  Thank you, Your Honor.
5           MR. MCGRANOR:  Thank you, Your Honor.
6      (Proceedings concluded at 1:48 p.m.)
7
8                   C E R T I F I C A T E
9
10           I certify that the forgoing is a correct
11 transcript from the record of proceedings in the
12 above-entitled matter.
13
14           S/Caroline Mahnke              10/6/14
15           Caroline Mahnke, RMR, CRR          Date